IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LODSYS GROUP, LLC,<br><br>    Plaintiff,<br> v.<br><br>GAMEVIL USA, INC.,<br><br>    Defendant. | CIVIL ACTION NO. 2:13-cv-00249-JRG |

---

**ANSWER OF GAMEVIL USA, INC. TO PLAINTIFF'S
COMPLAINT FOR PATENT INFRINGEMENT**

---

  Defendant GAMEVIL USA, INC. ("GAMEVIL"), reserving its right to object to this Court's personal jurisdiction over it, responds to the Complaint For Patent Infringement filed by Plaintiff Lodsys Group, LLC ("Lodsys" or "Plaintiff"), with the following:

### GENERAL DENIAL

  Unless specifically admitted below, GAMEVIL denies each and every allegation in the Plaintiff's Complaint.

### RESPONSE TO SPECIFIC ALLEGATIONS

  GAMEVIL answers the numbered paragraphs of Plaintiff's Complaint with the following correspondingly-numbered responses:

### THE PARTIES

  1. GAMEVIL lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore denies them.

  2. Admitted.

1

## JURISDICTION AND VENUE

3. GAMEVIL admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, but denies that those claims have any merit. GAMEVIL otherwise denies the allegations of paragraph 3.

4. GAMEVIL denies that this Court has specific and/or personal jurisdiction over it, and otherwise denies the allegations of paragraph 4, and specifically denies that it has committed any act of infringement in this judicial district.

## INFRINGEMENT OF U.S. PATENT NO. 7,620,565

5. GAMEVIL admits that Plaintiff's Complaint purports to attach a true copy of U.S. Patent No. 7,620,565 (the "'565 patent") as Exhibit A. GAMEVIL further admits that such copy of the '565 patent, on its face, states that it issued on November 17, 2009 and it is entitled "Costumer-Based Product Design Module." GAMEVIL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 5 of the Complaint and, on that basis, denies each and every allegation in that paragraph.

6. GAMEVIL denies that it has infringed the '565 patent directly, or in any other way. GAMEVIL denies that its products currently infringe the '565 patent and avers that it is impossible to currently infringe the '565 patent as, upon information and belief, the '565 patent expired on August 6, 2012.

7. GAMEVIL denies that it has infringed the '565 patent, willfully or otherwise.

8. GAMEVIL denies that it has infringed the '565 patent, indirectly, or otherwise.

9. Denied.

10. Denied.

11. Denied.

### INFRINGEMENT OF U.S. PATENT NO.7,222,078

12. GAMEVIL admits that the Complaint purports to attach a true copy of U.S. Patent No. 7,222,078 (the "'078 patent") as Exhibit B. GAMEVIL further admits that such copy of the '078 patent, on its face, states that it issued on May 22, 2007 and it is entitled "Methods and Systems for Gathering Information from Units of a Commodity Across a Network." GAMEVIL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 12 of the Complaint and, on that basis, denies each and every allegation in that paragraph..

13. GAMEVIL denies that it has infringed the '078 patent directly, or in any other way. GAMEVIL denies that its products currently infringe the '078 patent and avers that it is impossible to currently infringe the '078 patent as, upon information and belief, the '078 patent expired on August 6, 2012.

14. GAMEVIL denies that it has infringed the '078 patent, willfully or otherwise.

15. GAMEVIL denies that it has infringed the '078 patent, indirectly, or otherwise.

16. Denied.

17. Denied.

18. Denied.

### PRAYER FOR RELIEF

In response to Plaintiff's Prayer for Relief, GAMEVIL denies that Plaintiff is entitled to any relief sought in its Plaintiff's complaint.

### AFFIRMATIVE DEFENSES

GAMEVIL asserts the following affirmative defenses to the Complaint. Assertion of such a defense is not a concession that GAMEVIL has the burden of proving the matter asserted.

1.  Apple, Inc. ("Apple") holds a license to the '565 patent and the '078 patent. Such license permits Apple to offer and otherwise make available to GAMEVIL and others' products and services that embody the inventions contained in the '565 and '078 patents. Plaintiff's infringement claims against GAMEVIL are based on GAMEVIL's use of products and services that Apple is authorized to provide under such license and which Plaintiff claims embody the '565 and '078 patents. Under the patent law doctrines of exhaustion and first sale, GAMEVIL can use the products and services Apple provides to it free of claims of infringing the '078 and '565 patents. Therefore, Plaintiff's claims against GAMEVIL are barred by the license to Apple and the doctrines of patent exhaustion and first sale.

2.  GAMEVIL has not infringed, and does not infringe, directly or indirectly, either literally or by application of the doctrine of equivalents, any valid claim of the '565 patent.

3.  GAMEVIL has not infringed, and does not infringe, directly or indirectly, either literally or by application of the doctrine of equivalents, any valid claim of the '078 patent.

4.  One or more claims of the '565 patent is invalid and/or unenforceable for failure to meet one or more of the conditions of patentability and/or patent eligibility specified in Title 35 of the United States Code, including, without limitation, sections 101, 102, 103, and 112.

5.  One or more claims of the '078 patent is invalid and/or unenforceable for failure to meet one or more of the conditions of patentability and/or patent eligibility specified in Title 35 of the United States Code, including, without limitation, sections 101, 102, 103, and 112.

6.  Plaintiff's claims should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

7.  Plaintiff's available remedies are limited or barred by 35 U.S.C. §§ 286, 287, 288 and/or 28 U.S.C. § 1498.

8. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of implied license, laches, estoppel, and/or waiver.

9. Plaintiff is estopped from construing the claims of the '565 in such a manner that covers GAMEVIL's activities by reason of, among other things, statements made in the '565 patent, amendments, and/or statements made in and to the United States Patent and Trademark Office during the prosecution of the application that issued as the '565 patent, prior statements made in this or any other Court, prior rulings of this or any other Court, and/or Plaintiff's prior conduct.

10. Plaintiff is estopped from construing the claims of the '078 patent in such a manner that covers GAMEVIL's activities by reason of, among other things, statements made in the '078 patent, amendments, and/or statements made in and to the United States Patent and Trademark Office during the prosecution of the application that issued as the '078 patent, prior statements made in this or any other Court, prior rulings of this or any other Court, and/or Plaintiff's prior conduct.

11. One or more of Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## RESERVATION OF ADDITIONAL CLAIMS AND DEFENSES

In accordance with the Federal Rules of Civil Procedure and other applicable provisions, GAMEVIL reserves the right to assert, by pleading or motion, additional applicable claims and/or defenses at law or in equity, including but not limited to objecting to this Court's personal jurisdiction over it.

## PRAYER FOR RELIEF

WHEREFORE, GAMEVIL prays for relief as follows:

      A.      That the Court enter judgment in favor of GAMEVIL, and against Lodsys;

      B.      That the Court find that the Asserted Patents are not infringed by GAMEVIL;

      C.      That the Court find that the Asserted Patents are invalid;

      D.      That the Court find that the Asserted Patents are unenforceable;

      E.      That Lodsys take nothing by its Complaint against GAMEVIL;

      F.      That the Court find this case exceptional under 35 U.S.C. § 285, and award GAMEVIL its costs and fees in this action, including reasonable attorneys' fees and pre-judgment interest thereon; and

      G.      That the Court grant GAMEVIL such other and further relief as it deems just and proper.

Dated: June 13, 2013                  Respectfully submitted,

                                      By: */s/ Eric H. Findlay*
                                            Eric H. Findlay
                                            State Bar No. 00789886
                                            Michael D. Findlay
                                            State Bar No. 24077855
                                            **Findlay Craft LLP**
                                            6760 Old Jacksonville Highway, Suite 101
                                            Tyler, Texas 75703
                                            Telephone: (903) 534-1100
                                            Facsimile: (903) 534-1137
                                            Email: efindlay@findlaycraft.com

                                            **Attorney for Defendant GAMEVIL USA, INC.**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 13th day of June, 2013, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).

                              /s/ Eric H. Findlay
                              Eric H. Findlay